**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                                                                            **Case No. 11-CR-2910 RB**

**DIANA FRANCIS RIOS,**

    **Defendant.**

**ORDER DENYING MOTION TO ALLOW DEFENDANT TO REMAIN ON PRETRIAL RELEASE PENDING SENTENCING**

**THIS MATTER** is before the Court on Defendant's *Motion to Allow Defendant to Remain on Pretrial Release Pending Sentencing (Doc. 48)*, filed January 18, 2012. The Government filed its response on January 27, 2012 [*Doc. 49*]. The Court held a hearing on February 1, 2012, at which Defendant, counsel for Defendant, and counsel for the Government were present. *See Clerk's Minutes (Doc. 55)*. Having considered the motion, response, the parties' arguments at the February 1, 2012 hearing, the record of the case, and relevant law, the Court **FINDS** that the motion is not well-taken and should be **DENIED**.

Pursuant to 18 U.S.C. § 3143(a)(2), the Court must detain a defendant who is found guilty of a serious offense, unless the Court finds: (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted or the Assistant United States Attorney has recommended that the defendant will not receive a sentence of imprisonment, and (2) there is clear and convincing evidence that the defendant is not a flight risk or a danger to the community. In addition, the Court may release a defendant pursuant to 18 U.S.C. §3145(c) if he or she is unlikely to flee or pose a danger to the community, and "it is clearly shown that there are exceptional reasons why such a

person's detention would not be appropriate." The Tenth Circuit has held that district courts have the authority to release a defendant pending sentencing or appeal pursuant to Section 3145(c). *United States v. Jones*, 979 F.2d 804, 806 (10th Cir. 1992).

In her motion, Defendant contends that exceptional circumstances exist for her release pending sentencing because: (1) she is a full-time high school student and plans to graduate in December of 2012; (2) she intends to pursue a college degree; (3) she has been fully compliant with her conditions of pretrial release; (4) she is not a flight risk or a danger to the community; and (5) has important family ties in Arizona. [*Doc. 48* at 3]. At the hearing, Defendant set forth some additional factors which she contends constitute exceptional circumstances: (1) Defendant's age (19-years-old); (2) Defendant lives with her father and step-mother and helps around the house, including taking care of her 11-year-old brother when her parents are working; (3) Defendant debriefed with the government and wanted to cooperate with the government; (4) Defendant had a minor role in the offenses so she does not have enough information to actively cooperate with the government; (5) in the interests of public policy, the Court should allow Defendant to remain on pretrial release because it will be less disruptive to her life; and (6) Defendant's pretrial officer in Arizona has asked to have her electronic monitor removed because of her compliance with conditions of release.[1]

The Tenth Circuit has held that "[e]xceptional means clearly out of the ordinary, uncommon, or rare." *United States v. Mutte*, No. 10-2093, 383 Fed. Appx. 716, 718, 2010 WL 2413139 (10th Cir. June 16, 2010) (unpublished) (citation and internal quotation marks omitted). The

---

[1] There is no record of either Defendant's pretrial officer or her attorney requesting a modification of her conditions of release to remove her electronic monitor. On October 25, 2011, Defendant filed an unopposed motion to modify her conditions of release to allow her to reside with her father instead of her sister and to have him serve as her third party custodian [*Doc. 21*], which motion was granted on the same day [*Doc. 22*].

question for the Court is "whether, due to any truly unusual factors or combination of factors . . . it would be unreasonable to incarcerate the defendant." *Id.* (citation and internal quotation marks omitted). The Court finds that Defendant's age, educational pursuits and family ties to Arizona are not exceptional. *See United States v. Lea*, 360 F.3d 401, 403-04 (2nd Cir. 2004) (reversing district court's order releasing defendant under Section 3145(c), and explaining that "[t]here is nothing 'exceptional' about going to school, being employed, or being a first-time offender, either separately or in combination"); *United States v. Christman*, 712 F.Supp.2d 651, 656 (E.D.Ky. 2010) (finding that "personal and familial hardship and disruption to an individual's educational or professional affairs are the natural, if unfortunate, consequences of finding oneself at the mercy of the criminal justice system"). Defendant's continuation of her education is one of her conditions of pretrial release [*Doc. 14* at 2], and Defendant's compliance with her conditions of pretrial release is expected by the Court and does not constitute an exceptional circumstance. In addition, whether or not Defendant is a flight risk or a danger to the community is a predicate condition of Section 3145(c) and, thus, does not constitute an exceptional circumstance. *See United States v. Wages*, No. 08-7017, 271 Fed. Appx. 726, 728, 2008 WL 795095 (10th Cir. March 26, 2008) (unpublished) (rejecting defendant's contention that he is not a threat to the community as an exceptional reason under Section 3145(c), noting that potential danger to the community is a predicate condition of Section 3143(a)(1)); *see also Christman*, 712 F.Supp.2d at 656-57 ("[T]he Court rejects the proposition that exceptional reasons are demonstrated when a defendant is especially unlikely to flee or pose a danger if released . . . . [G]ranting a release for this reason would reduce the § 3143(a)(1) precondition to meaninglessness."). Finally, the Court does not find that the removal of Defendant's electronic monitoring is exceptional, especially since it was neither requested nor allowed.

While Defendant cites several district court cases where defendants were granted release pending sentencing, the Court finds that those cases are distinguishable because the defendants in those cases demonstrated more exceptional circumstances than Defendant has shown. *See* [*Doc. 48* at 2-3] (citing *United States v. Rentas*, No. 09 CR 555(HB), 2009 WL 3444943 at *2 (S.D.N.Y. Oct. 26, 2009) (unpublished) (in addition to being gainfully employed and complying with her release terms, defendant cooperated with the government and was a single mother of a young child with medical issues); *United States v. Price*, 618 F.Supp.2d 473, 475-76 (W.D.N.C. 2008) (defendant was pregnant and, due to medical problems, was likely to have a caesarian delivery, thereby threatening the defendant's health and the health of her unborn child); *United States v. Sabhnani*, 529 F.Supp.2d 377, 383 (E.D.N.Y. 2007) (defendant was "solely responsible for operating his business" and needed time to arrange care for his four children and wind down his family's financial affairs); *United States v. Reboux*, No. 5:06-CR-451 (FJS), 2007 WL 4409801 at *3 (N.D.N.Y. Dec. 14, 2007) (unpublished) (defendant cooperated substantially with the government and displayed "exemplary behavior prior to and during the criminal proceedings"); *United States v. Hooks*, 330 F.Supp.2d 1311, 1313 (M.D.Ala. 2004) (defendant had made "absolutely no arrangements" for the care of defendant's three young children and "immediate detention would punish her children"); *United States v. Kaquatosh*, 252 F.Supp.2d 775, 779-80 (E.D.Wisc. 2003) (while on pretrial release, defendant successfully completed substance abuse treatment program and obtained employment which allowed him to regularly send money to his family on the Reservation, which would cease if defendant was detained pending sentencing); and *United States v. Mitchell*, 358 F.Supp.2d 707, 708-09 (E.D.Wisc. 2005) (defendant fully cooperated with government and completed his cooperation prior to pleading guilty; prosecutor intended to file motion stating that he had provided substantial assistance in investigation or prosecution of another person; while on

pre-trial release, defendant secured full-time employment, paid child support, and passed all drug tests, prompting court to suspend electronic monitoring requirement; and continued release could enable him to sell or lease his home so it would not remain vacant)).  Contrary to those cases, Defendant does not demonstrate the type of exceptional reasons required under Section 3145(c), such as responsibility for the care of a child or children, serious medical issues, substantial assistance to the Government, or exceptional behavior.  For these reasons the Court will deny Defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Allow Defendant to Remain on Pretrial Release Pending Sentencing (Doc. 48)* is **DENIED**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**